IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEXTER SAFFOLD,

    Plaintiff,

v.

CITY COLLEGES OF CHICAGO,
KENNEDY KING COLLEGE, WILBUR
WRIGHT COLLEGE, CHERYL HYMAN,
CYNTHIA ARMSTER, ELIZABETH
JONES, BRIDGET CLYMORE, and ERICA
PHILLIPS

    Defendants.

Case No. 12-CV-6006

Judge Chang
Magistrate Judge Brown

**Jury Trial Demanded**

## FIRST AMENDED COMPLAINT

Plaintiff Dexter Saffold (hereinafter "Saffold" or "Plaintiff"), by and through his attorneys, STOWELL & FRIEDMAN, LTD., alleges the following against Defendants City Colleges of Chicago, Kennedy King College, Wilbur Wright College, Cheryl Hyman in her capacity as Chancellor of the City Colleges of Chicago, Cynthia Armster in her capacity as the former Associate Vice Chancellor of the City Colleges of Chicago, Elizabeth Jones in her capacity as College Administrative Assistant at Kennedy King College, Bridget Clymore in her capacity as Adult Educator at Wilbur Wright College, and Erica Phillips in her capacity as Adult Educator at Wilbur Wright College.

## INTRODUCTION

1. Plaintiff filed an original *pro se* complaint on July 31, 2012 against Kennedy King College, Wilbur Wright College, and Cheryl Hyman in her capacity as Chancellor of the City Colleges of Chicago, alleging that he had been discriminated against on the basis of his

disability, in violation of the Americans With Disabilities Act, 42 U.S.C § 12101 *et. seq.* ("ADA")

2. On February 11, 2013, the Court appointed Brenda H. Feis, a partner in the law firm Stowell & Friedman, Ltd., to represent Plaintiff in this action.

3. The Court ordered Plaintiff, with the assistance of his court-appointed counsel, to file an amended complaint by May 21, 2013.

4. Plaintiff's complaint has been amended to properly allege claims of discrimination and retaliation in violation of Title II of the ADA, 42 U.S.C § 12101 *et. seq.*, and Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794, *et. seq.,* and to join additional Defendants relevant to this action.

## JURISDICTION

5. Jurisdiction is proper and based upon 28 U.S.C. §§1331 and 1343.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) because the unlawful discrimination and retaliation alleged in this Amended Complaint occurred in Cook County, within this judicial district.

## PARTIES

7. Plaintiff Dexter Saffold ("Saffold" or "Plaintiff") is a 52-year old resident of Cook County residing at 1351 East 62d Street, Chicago, IL. Plaintiff suffers from advanced diabetes-related glaucoma which renders him legally blind. He has received Social Security Disability Income ("SSDI") benefits since 2002 based on the Social Security Administration's determination that his visual impairments qualify him as "disabled." Between approximately August 2010 through April 2012, Plaintiff was a prospective student at Kennedy King College and an enrolled student at Wilbur Wright College.

8. Defendant City Colleges of Chicago ("City Colleges") is a system of seven community colleges. The City Colleges is a public entity pursuant to 42 U.S.C. § 12131(1)(B) which receives federal financial assistance for its programs. 29 U.S.C. § 794(b)(2).

9. Defendant Kennedy King College ("Kennedy King") is one of the seven schools within the affiliated system of the City Colleges of Chicago. Kennedy King is a public entity pursuant to 42 U.S.C. § 12131(1)(B). Kennedy King, as a community college, operates programs that receive federal financial assistance. 29 U.S.C. § 794(b)(2).

10. Defendant Wilbur Wright College ("Wilbur Wright") is one of the seven schools within the affiliated system of the City Colleges of Chicago. Wilbur Wright is a public entity pursuant to 42 U.S.C. § 12131(1)(B). Wilbur Wright, as a community college, operates programs that receive federal financial assistance. 29 U.S.C. § 794(b)(2).

11. Defendant Cheryl Hyman ("Defendant Hyman" or "Hyman") is sued in her official capacity as Chancellor of the City Colleges of Chicago. In this capacity, Defendant Hyman has a duty to ensure that each of the Colleges, as recipients of state and federal funds, administers its programs in accordance with state and federal law.

12. Defendant Cynthia Armster ("Defendant Armster" or "Armster") is sued in her official capacity as Associate Vice Chancellor in the Office of Student Affairs for the City Colleges of Chicago. In this capacity, Defendant Armster has a duty to ensure that each of the Colleges, as recipients of state and federal funds, administers its programs in accordance with state and federal law.

13. Defendant Elizabeth Jones ("Defendant Jones" or "Jones") is sued in her official capacity as the College Administrative Assistant at Defendant Kennedy King. In this capacity, Jones has a duty to comply with applicable state and federal anti-discrimination laws.

14. Defendant Bridget Clymore ("Defendant Clymore" or "Clymore") is sued in her official capacity as an Adult Educator at Defendant Wilbur Wright. In this capacity, Clymore has a duty to comply with applicable state and federal anti-discrimination laws.

15. Defendant Erica Phillips ("Defendant Phillips" or "Phillips") is sued in her official capacity as an Adult Educator at Defendant Wilbur Wright. In this capacity, Phillips has a duty to comply with applicable state and federal anti-discrimination laws.

## FACTUAL ALLEGATIONS

16. The City Colleges of Chicago is a network of seven state-sponsored community colleges. According to the City Colleges of Chicago website, www.ccc.edu/colleges, the network consists of the following seven (7) colleges: Harold Washington College, Harry S. Truman College, Kennedy King College, Malcolm X College, Olive-Harvey College, Richard J. Daley College, and Wilbur Wright College.

17. The City Colleges network has an Adult Education Division which provides a comprehensive program of free classes for adult students who need to learn or improve their English language or basic literacy skills, obtain a General Education Development ("GED") certificate, or prepare for the Citizenship exam ("the Adult Education Program").

18. Each City College has a Disability Access Center which serves as a contact point for disabled students to seek accommodations. According to the City Colleges of Chicago website, reasonable accommodations include note takers, extended time for testing and in-class assignments, Screen-Reading (JAWS, zoom-text), and exam proctors.

19. On or around August 20, 2010, Plaintiff attempted to enroll in the Adult Education Program at Kennedy King in order to obtain his GED certificate to qualify for higher-wage employment.

4

20. Students enrolling in the Adult Education Program at that time, including Plaintiff, were required to take a placement or "locator" test in order for Defendant Kennedy King to assess their then-current academic grade level and to place them into the appropriate Adult Education program.

21. Prior to taking the placement test, Plaintiff provided the Disability Access Center at Defendant Kennedy King with medical documentation of his need for enlarged print and additional test-taking time due to his poor vision resulting from his glaucoma condition. The Disability Center Coordinator for Kennedy King accepted the medical documentation Plaintiff provided from his treating physician.

22. Despite Plaintiff's documented need for enlarged print and additional test-taking time, Kennedy King failed to provide Plaintiff with either accommodation. Moreover, Kennedy King officials intentionally failed to provide Plaintiff with all of the required portions of the placement test, thereby prohibiting him from being able to meet the pre-registration requirements.

23. Mrs. Sears (first name unknown), the interim Dean at Kennedy King, stated that she was "not going to spend much time with" Plaintiff because he is "visually impaired, so he doesn't know what we are giving him," or words to that effect.

24. Plaintiff reported Mrs. Sears' conduct to both the Disability Coordinator at Kennedy King and Defendant Jones, the College Administrative Assistant at Kennedy King, but neither took any corrective action.

25. As a direct result of Plaintiff's inability to obtain and complete a full placement test, Plaintiff was barred from enrolling in the Adult Education Program at Kennedy King. Plaintiff was otherwise qualified to participate in the Adult Education program.

26. Subsequently, in or around January 2011, Plaintiff enrolled in the Adult Education Program at Wilbur Wright College. His Adult Educator for the winter period was Defendant Clymore.

27. Based on the medical verification Plaintiff submitted to Wilbur Wright documenting his need for visual accommodations, Plaintiff was provided with a note-taker to assist him during class, enlarged print, access to a visual monitor, and additional test-taking time.

28. In or around February 2011, Defendant Clymore stopped providing Plaintiff with enlarged print documents and use of the visual monitor during classroom lectures, despite his ongoing documented need for such accommodations. Defendant Clymore did not justify her decision to stop providing these accommodations.

29. Plaintiff met with the Dean of Wilbur Wright in or around February 2011 to complain about Defendant Clymore's refusal to provide him with adequate accommodations. Consequently, the Dean called Defendant Clymore and Plaintiff into her office and told Defendant Clymore to cease interfering with Plaintiff's medically-required accommodations.

30. When Defendant Clymore continued to refuse to give Plaintiff access to enlarged print in the classroom, or alternatively, to allow him to leave the classroom to use the visual monitor, Plaintiff complained to Defendant Cynthia Armster, the Associate Vice Chancellor in the Office of Student Affairs at the City Colleges of Chicago, about restoring the accommodations he had requested and had been approved to use. Armster assured Plaintiff that she would raise his complaints to the President of Wilbur Wright College. However, Plaintiff never received a response or any follow-up to any of his complaints.

31. In or around April 2011, Plaintiff's note-taker inexplicably stopped assisting him. Rather than taking notes for Plaintiff and reading questions to him as Plaintiff's

accommodation required, the note-taker merely signed in at the beginning of class and then left. Consequently, Plaintiff's ability to see the board, take notes based on classroom discussion, and participate in class was severely compromised.

32. After complaining about his note-taker, Plaintiff was eventually given a new note-taker, but during the interim period, his ability to read and see significantly limited his ability to participate in the Adult Education Program.

33. On or about January 2012, after completing his first twelve-week Adult Education course at Wilbur Wright, Plaintiff enrolled in another Adult Education course at the same college taught by Erica Phillips.

34. Within a brief period of time, it became apparent that Phillips did not want Plaintiff in her classroom because of the accommodations he required for his disability. For example, Phillips told Plaintiff that she did not think it was fair for Plaintiff to have a note-taker when other students were not allowed to have a note-taker. Phillips also accused Plaintiff's note-taker of giving him answers in class and on tests. However, Plaintiff's note-taker was merely repeating what was written, without referencing correct answers. Phillips also refused to provide Plaintiff with enlarged print documents. On at least one occasion, Phillips told Plaintiff that she "did not want anyone in her class with a disability that she had to keep making accommodations for," or words to that effect.

35. Phillips further downgraded Plaintiff's test score to a failing grade even though he had achieved a passing grade, in an effort to have him withdrawn from Wilbur Wright.

36. In approximately April 2012, Plaintiff complained to Cheryl Hyman in her capacity as the Chancellor of the City Colleges of Chicago, and to Cynthia Armster in her capacity as the Associate Vice Chancellor in the Office of Student Affairs for the City Colleges


of Chicago, about Phillips' behavior and the denial of reasonable accommodation. Hyman and Armster both failed to take any corrective action in response to his complaints.

37. After Plaintiff complained to City Colleges officials about being denied access to reasonable accommodations, Defendant Phillips intimidated Plaintiff by mocking his disability and accusing him of only wanting others to "feel sorry for him," or words to that effect.

38. Ultimately, as a result of being unable to seek relief from any authoritative source within the City Colleges system, Plaintiff was involuntarily withdrawn from the Adult Education program at Wilbur Wright.

## COUNT I
## DISCRIMINATION AT KENNEDY KING COLLEGE
## IN VIOLATION OF THE ADA

**(Against Defendants City Colleges, Kennedy King College,
Cheryl Hyman, Cynthia Armster, and Elizabeth Jones only)**

39. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

40. Title II of the Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C § 12132.

41. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C § 12131(2).

42. Defendants are "public entities" as defined in 42 U.S.C § 12131(1).

43. Plaintiff requested and was approved to receive reasonable accommodations for his disability, including additional test-taking time and enlarged print.

44. Defendants interfered with Plaintiff's ability to complete the qualifying placement test for Kennedy King's Adult Education Program by administering only a portion of the test to him and denying him access to his approved accommodations.

45. Furthermore, when Plaintiff complained about the testing procedures to Defendant Armster and Defendant Hyman, representatives of Defendant City Colleges of Chicago, neither individual took appropriate remedial action.

46. Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the ADA.

47. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was unable to enroll in the Adult Education Program at Kennedy King, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

48. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

49. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT II
## DISCRIMINATION AT KENNEDY KING COLLEGE
## IN VIOLATION OF THE REHABILITATION ACT

**(Against Defendants City Colleges, Kennedy King College,
Cheryl Hyman, Cynthia Armster, and Elizabeth Jones only)**

50. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

51. The Rehabilitation Act provides, in pertinent part, that "no otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall,

solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . " 29 U.S.C. § 794(a).

52. Plaintiff is a "qualified individual with a disability" as defined in 29 U.S.C. § 705(20).

53. Defendants are a "program or activity receiving Federal financial assistance . . . " as defined in 29 U.S.C. § 794(b).

54. Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the Rehabilitation Act.

55. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was unable to enroll in the Adult Education Program at Kennedy King, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

56. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

57. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT III
## DISCRIMINATION AT WILBUR WRIGHT COLLEGE
## IN VIOLATION OF THE ADA

**(Against Defendants City Colleges of Chicago, Wilbur Wright College, Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)**

58. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

59. Title II of the Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C § 12132.

60. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C § 12131(2).

61. Defendants are "public entities" as defined in 42 U.S.C § 12131(1).

62. Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the ADA.

63. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

64. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

65. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT IV
## DISCRIMINATION AT WILBUR WRIGHT COLLEGE
## IN VIOLATION OF THE REHABILITATION ACT

**(Against Defendants City Colleges of Chicago, Wilbur Wright College, Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)**

66. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

67. The Rehabilitation Act provides, in pertinent part, that "no otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . " 29 U.S.C. § 794(a).

68. Plaintiff is a "qualified individual with a disability" as defined in 29 U.S.C. § 705(20).

69. Defendants are a "program or activity receiving Federal financial assistance . . . " as defined in 29 U.S.C. § 794(b).

70. Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the Rehabilitation Act.

71. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

72. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

73. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT V
## RETALIATION IN VIOLATION OF THE ADA

**(Against Defendants City Colleges of Chicago, Wilbur Wright College, Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)**

74. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

75. It is unlawful under the ADA to "discriminate against any individual because such individual has opposed any act or practice made unlawful" by Title II of the ADA. 42 U.S.C. § 12203(a). The ADA also prohibits a covered entity from "coerc[ing], intimidat[ing], threaten[ing], or interfer[ing]" with a person's right to enjoy any of the rights articulated under Title II of the ADA. 42 U.S.C. § 12203(b).

76. After Plaintiff exercised his federally protected rights by complaining about Defendants' failure to provide him approved reasonable accommodations, Defendants retaliated against him by mocking his disability and continuing to withhold such accommodations.

77. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

78. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

79. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT VI
## RETALIATION IN VIOLATION OF THE REHABILITATION ACT

**(Against Defendants City Colleges of Chicago, Wilbur Wright College,
Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)**

80. Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

81. The regulations governing the Rehabilitation Act provide, in pertinent part, that "no recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. 100.7(e).

82. After Plaintiff exercised his federally protected rights by complaining about Defendants' failure to provide him approved reasonable accommodations, Defendants retaliated against him by mocking his disability and continuing to withhold such accommodations.

83. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

84. As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

85. Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

A. Enter a judgment that the conduct of the Defendants' alleged herein violates the laws of the United States;

B. Award Plaintiff all remuneration to which he would have been entitled but for Defendants' unlawful conduct;

C. Award Plaintiff compensatory damages, including any and all emotional damages and pecuniary losses stemming from Defendants' unlawful conduct;

D. Award Plaintiff punitive damages;

E. Award Plaintiff the costs of this action, including reasonable attorneys' fees, expert fees, and any other costs reasonably incurred in the litigation of this matter;

F. Award Plaintiff such other and further equitable, injunctive and legal relief as this Court finds necessary and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages triable in this action.

Respectfully submitted,

DEXTER PLAINTIFF

By    s/Brenda H. Feis
               Plaintiff's Attorney

Brenda H. Feis
STOWELL & FRIEDMAN, LTD.
303 W. Madison Street
Suite 2600
Chicago, IL 60606
(312) 431-0888
bfeis@sfltd.com

May 21, 2013