**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEXTER SAFFOLD,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No. 12-CV-6006** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITY COLLEGES OF CHICAGO,** | ) | **Judge Chang** |
| | ) | **Magistrate Judge Brown** |
| **Defendant.** | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant, City Colleges of Chicago,[1] through its attorney, Valerie Harper, responds to Plaintiff's First Amended Complaint as follows:

1.      Plaintiff filed an original *pro se* complaint on July 31, 2012 against Kennedy King College, Wilbur Wright College. and Cheryl Hyman in her capacity as Chancellor of the City Colleges of Chicago, alleging that he had been discriminated against on the basis of his disability, in violation of the Americans With Disabilities Act, 42 U.S.0 § 12101 *et. seq.* ("ADA")

**ANSWER: Defendant admits that plaintiff filed such a complaint but denies that it was served. Defendant further denies the underlying allegations of the original complaint.**

2.      On February 11, 2013, the Court appointed Brenda H. Feis, a partner in the law firm Stowell & Friedman. Ltd., to represent Plaintiff in this action.

**ANSWER: Defendant admits.**

3.      The Court ordered Plaintiff, with the assistance of his court-appointed counsel, to file an amended complaint by May 21, 2013.

---

[1] Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013.

**ANSWER: Defendant admits.**

4. Plaintiff's complaint has been amended to properly allege claims of discrimination and retaliation in violation of Title II of the ADA, 42 U.S.0 § 12101 *et. seq.,* and Section *504* of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794, *et. seq.,* and to join additional Defendants relevant to this action.

**ANSWER: Defendant admits that plaintiff's complaint has been amended to allege claims of discrimination and retaliation in violation of Title II of the ADA, 42 U.S.0 § 12101 *et. seq.,* and Section *504* of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794, *et. seq.,* Defendant denies the claims and any remaining allegations.**

## JURISDICTION

5. Jurisdiction is proper and based upon 28 U.S.C. §§ 1$^3$3 1 and 1343.

**ANSWER: Defendant admits.**

6. Venue is proper pursuant to 28 U.S.C. §1391(b) because the unlawful discrimination and retaliation alleged in this Amended Complaint occurred in Cook County, within this judicial district.

**ANSWER: Defendant admits.**

## PARTIES

7. Plaintiff Dexter Saffold ("Saffold" or "Plaintiff") is a 52-year old resident of Cook County residing at 1351 East 62d Street, Chicago, IL. Plaintiff suffers from advanced diabetes-related glaucoma which renders him legally blind. He has received Social Security Disability Income ("SSDI") benefits since 2002 based on the Social Security Administration's determination that his visual impairments qualify him as "disabled." Between approximately August 2010 through April 2012, Plaintiff was a prospective student at Kennedy King College and an enrolled student at Wilbur Wright College.

**ANSWER: Defendant admits plaintiff enrolled as a student at Kennedy-King College in 2010 and at Wilbur Wright College in 2011 and early 2012 but is without knowledge to admit or deny the remaining allegations.**

8. Defendant City Colleges of Chicago ("City Colleges") is a system of seven community colleges. The City Colleges is a public entity pursuant to 42 U.S.C. § 1213 1(1)(B) which receives federal financial assistance for its programs. 29 U.S.C. § 794(b)(2).

**ANSWER: Defendant admits.**

9. Defendant Kennedy King College ("Kennedy King') is one of the seven schools

2

within the affiliated system of the City Colleges of Chicago. Kennedy King is a public entity pursuant to 42 U.S.C. § 12131(l)(13). Kennedy King, as a community college, operates programs that receive federal financial assistance. 29 U.S.C. § 794(b)(2).

      **ANSWER: Defendant admits.**

10.     Defendant Wilbur Wright College ("Wilbur Wright") is one of the seven schools within the affiliated system of the City Colleges of Chicago. Wilbur Wright is a public entity pursuant to 42 U.S.C. § 12131(1)(B). Wilbur Wright, as a community college, operates programs that receive federal financial assistance. 29 U.S.C. § 794(b)(2).

      **ANSWER: Defendant admits.**

11.     Defendant Cheryl Hyman ("Defendant Hyman" or "Hyman") is sued in her official capacity as Chancellor of the City Colleges of Chicago. In this capacity, Defendant Hyman has a duty to ensure that each of the Colleges, as recipients of state and federal funds, administers its programs in accordance with state and federal law.

      **ANSWER: Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013 Defendant admits that colleges have obligations as recipients of state and federal funds and admits that effective April 1, 2010; Cheryl Hyman was appointed Chancellor of the City Colleges of Chicago pursuant to the Illinois Public Community College Act effective April 2010 but denies the remaining vague allegations.**

12.     Defendant Cynthia Armster ("Defendant Armster" or "Armster") is sued in her official capacity as Associate Vice Chancellor in the Office of Student Affairs for the City Colleges of Chicago. In this capacity, Defendant Armster has a duty to ensure that each of the Colleges, as recipients of state and federal funds, administers its programs in accordance with state and federal law.

**ANSWER: Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013. Defendant admits that Cynthia Armster was Associate Vice Chancellor Student Affairs until July 15, 2010 but is without knowledge or information sufficient to admit or deny the remaining vague allegations.**

13.     Defendant Elizabeth Jones ("Defendant Jones" or 'Jones") is sued in her official capacity as the College Administrative Assistant at Defendant Kennedy King. In this capacity, Jones has a duty to comply with applicable state and federal anti-discrimination laws.

**ANSWER: Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013. Defendant admits that Elizabeth Jones was an Administrative Assistant at Kennedy King College during that time but is without knowledge or information sufficient to admit or deny the remaining vague allegations.**

14.      Defendant Bridget Clymore (Defendant Clymore" or "Clymore") is sued in her official capacity as an Adult Educator at Defendant Wilbur Wright. In this capacity, Clymore has a duty to comply with applicable state and federal anti-discrimination laws.

**ANSWER: Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013. Defendant admits Clymore was an adult educator but is without knowledge or information sufficient to admit or deny the remaining vague allegations.**

15.      Defendant Erica Phillips (Defendant Phillips" or Phillips") is sued in her official capacity as an Adult Educator at Defendant Wilbur Wright. In this capacity, Phillips has a duty to comply with applicable state and federal anti-discrimination laws.
**ANSWER: Because the named defendants "were all sued in their official capacity, the actual defendant is City Colleges." Court Order of July 3, 2013 Defendant admits Phillips was an adult educator but is without knowledge or information sufficient to admit or deny the remaining vague allegations.**

## FACTUAL ALLEGATIONS

16.      The City Colleges of Chicago is a network of seven state-sponsored community colleges. According to the City Colleges of Chicago website, www.ccc.edu/colleges, the network consists of the following seven (7) colleges: Harold Washington College, Harry S. Truman College, Kennedy King College, Malcolm X College, Olive-Harvey College, Richard J. Daley College, and Wilbur Wright College.

**ANSWER: Defendant admits.**

17.      The City Colleges network has an Adult Education Division which provides a comprehensive program of free classes for adult students who need to learn or improve their English language or basic literacy skills, obtain a General Education Development ("GED") certificate, or prepare for the Citizenship exam ("the Adult Education Program").

**ANSWER: Defendant admits.**

18.      Each City College has a Disability Access Center which serves as a contact point for disabled students to seek accommodations. According to the City Colleges of Chicago website, reasonable accommodations include note takers, extended time for testing and in-class assignments, Screen-Reading (JAWS, zoom-text), and exam proctors.

**ANSWER:  Defendant admits the first sentence. Defendant admits the website lists the variety of services the Disability Access Center provides but denies that necessarily reasonable accommodations and denies any remaining inferences.**

19.      On or around August 20, 2010, Plaintiff attempted to enroll in the Adult Education Program at Kennedy King in order to obtain his GED certificate to qualify for higher-wage employment.

4

**ANSWER: Defendant admits.**

20.     Students enrolling in the Adult Education Program at that time, including Plaintiff, were required to take a placement or 'locator" test in order for Defendant Kennedy King to assess their then-current academic grade level and to place them into the appropriate Adult Education program.

**ANSWER: Defendant admits placement tests were used in the Adult Education Program. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations.**

21.     Prior to taking the placement test, Plaintiff provided the Disability Access Center at Defendant Kennedy King with medical documentation of his need for enlarged print and additional test-taking time due to his poor vision resulting from his glaucoma condition. The Disability Center Coordinator for Kennedy King accepted the medical documentation Plaintiff provided from his treating physician.

**ANSWER: Defendant denies.**

21.     Despite Plaintiffs documented need for enlarged print and additional test-taking time, Kennedy King failed to provide Plaintiff with either accommodation. Moreover, Kennedy King officials intentionally failed to provide Plaintiff with all of the required portions of the placement test, thereby prohibiting him from being able to meet the pre-registration requirements.

**ANSWER: Defendant denies.**

22.     Mrs. Sears (first name unknown), the interim Dean at Kennedy King, stated that she was "not going to spend much time with" Plaintiff because he is "visually impaired so he doesn't know what we are giving him," or words to that effect.

**ANSWER: Defendant denies.**

23.     Plaintiff reported Mrs. Sears' conduct to both the Disability Coordinator at Kennedy King and Defendant Jones, the College Administrative Assistant at Kennedy King, but neither took any corrective action.

**ANSWER: Defendant denies.**

24.     As a direct result of Plaintiff's inability to obtain and complete a full placement test, Plaintiff was barred from enrolling in the Adult Education Program at Kennedy King. Plaintiff was otherwise qualified to participate in the Adult Education program.

**ANSWER: Defendant denies.**

26.     Subsequently, in or around January 2011, Plaintiff enrolled in the Adult

Education Program at Wilbur Wright College. His Adult Educator for the winter period was Defendant Clymore.

**ANSWER: Defendant admits the first sentence and that he had Clymore as an instructor at Wilbur Wright.**

27.　Based on the medical verification Plaintiff submitted to Wilbur Wright documenting his need for visual accommodations, Plaintiff was provided with a note-taker to assist him during class, enlarged print, access to a visual monitor, and additional test-taking time.

**ANSWER: Defendant admits plaintiff was provided with the assistance listed and that he needs visual accommodations but denies the remaining allegations.**

28.　In or around February 2011, Defendant Clymore stopped providing Plaintiff with enlarged print documents and use of the visual monitor during classroom lectures, despite his ongoing documented need for such accommodations. Defendant Clymore did not justify her decision to stop providing these accommodations.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

29.　Plaintiff met with the Dean of Wilbur Wright in or around February 2011 to complain about Defendant Clymore's refusal to provide him with adequate accommodations. Consequently, the Dean called Defendant Clymore and Plaintiff into her office and told Defendant Clymore to cease interfering with Plaintiff's medically-required accommodations.

**ANSWER: Defendant denies.**

30.　When Defendant Clymore continued to refuse to give Plaintiff access to enlarged print in the classroom, or alternatively, to allow him to leave the classroom to use the visual monitor, Plaintiff complained to Defendant Cynthia Armster, the Associate Vice Chancellor in the Office of Student Affairs at the City Colleges of Chicago, about restoring the accommodations he had requested and had been approved to use. Armster assured Plaintiff that she would raise his complaints to the President of Wilbur Wright College. However, Plaintiff never received a response or any follow-up to any of his complaints.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

31.　In or around April 2011, Plaintiff's note-taker inexplicably stopped assisting him. Rather than taking notes for Plaintiff and reading questions to him as Plaintiff's accommodation required, the note-taker merely signed in at the beginning of class and then left. Consequently, Plaintiff's ability to see the board, take notes based on classroom discussion, and participate in class was severely compromised.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

32.     After complaining about his note-taker, Plaintiff was eventually given a new note-taker, but during the interim period, his ability to read and see significantly limited his ability to participate in the Adult Education Program.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

33.     On or about January 2012, after completing his first twelve-week Adult Education course at Wilbur Wright, Plaintiff enrolled in another Adult Education course at the same college taught by Erica Phillips.

**ANSWER: Defendant admits.**

34.     Within a brief period of time, it became apparent that Phillips did not want Plaintiff in her classroom because of the accommodations he required for his disability. For example, Phillips told Plaintiff that she did not think it was fair for Plaintiff to have a note-taker when other students were not allowed to have a note-taker. Phillips also accused Plaintiff's note-taker of giving him answers in class and on tests. However, Plaintiff's note-taker was merely repeating what was written, without referencing correct answers. Phillips also refused to provide Plaintiff with enlarged print documents. On at least one occasion, Phillips told Plaintiff that she "did not want anyone in her class with a disability that she had to keep making accommodations for," or words to that effect.

**ANSWER: Defendant denies.**

35.     Phillips further downgraded Plaintiff's test score to a failing grade even though he had achieved a passing grade, in an effort to have him withdrawn from Wilbur Wright.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

36.     In approximately April 2012, Plaintiff complained to Cheryl Hyman in her capacity as the Chancellor of the City Colleges of Chicago, and to Cynthia Armster in her capacity as the Associate Vice Chancellor in the Office of Student Affairs for the City Colleges of Chicago, about Phillips' behavior and the denial of reasonable accommodation. Hyman and Armster both failed to take any corrective action in response to his complaints.

**ANSWER: Defendant denies.**

37.     After Plaintiff complained to City Colleges officials about being denied access to reasonable accommodations, Defendant Phillips intimidated Plaintiff by mocking his disability and accusing him of only wanting others to "feel sorry for him," or words to that effect.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny.**

38.     Ultimately, as a result of being unable to seek relief from any authoritative source

7

within the City Colleges system, Plaintiff was involuntarily withdrawn from the Adult Education program at Wilbur Wright.

**ANSWER: Defendant denies.**

## COUNT I
## DISCRIMINATION AT KENNEDY KING COLLEGE
## IN VIOLATION OF THE ADA
(Against Defendants City Colleges, Kennedy King College,
Cheryl Hyman, Cynthia Armster, and Elizabeth Jones only)

39.    Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

40.    Title II of the Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.0 § 12132.

**ANSWER: Defendant admits but denies plaintiff has paraphrased Title II's other provisions.**

41.    Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.0 § 12131(2).

**ANSWER: Defendant admits that plaintiff is disabled but denies the remaining allegations.**

42.    Defendants are "public entities" as defined in 42 U.S.0 § 1213 1(1).

**ANSWER:  Defendant admits.**

43.    Plaintiff requested and was approved to receive reasonable accommodations for his disability, including additional test-taking time and enlarged print.

**ANSWER: Defendant admits plaint requested and was granted accommodations but denies the remaining allegations.**

44.     Defendants interfered with Plaintiff's ability to complete the qualifying placement test for Kennedy King's Adult Education Program by administering only a portion of the test to him and denying him access to his approved accommodations.

**ANSWER: Defendant denies.**

45.     Furthermore, when Plaintiff complained about the testing procedures to Defendant Armster and Defendant Hyman, representatives of Defendant City Colleges of Chicago, neither individual took appropriate remedial action.

**ANSWER: Defendant denies.**

46.     Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the ADA.

**ANSWER: Defendant denies.**

47.     As a direct and proximate result of Defendants' unlawful discrimination. Plaintiff was unable to enroll in the Adult Education Program at Kennedy King, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

48.     As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

**ANSWER: Defendant denies.**

49.     Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

**ANSWER: Defendant denies.**

## COUNT II
## DISCRIMINATION AT KENNEDY KING COLLEGE
## IN VIOLATION OF THE REHABILITATION ACT
(Against Defendants City Colleges, Kennedy King College,
Cheryl Hyman, Cynthia Armster, and Elizabeth Jones only)

50.     Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

51.     The Rehabilitation Act provides, in pertinent part, that "no otherwise qualified individual with a disability in the United States, as defined in section *705(20)* of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.... " 29 U.S.C. § 794(a).

9

**ANSWER: Defendant denies that all pertinent provisions were included.**

52.    Plaintiff is a 'qualified individual with a disability" as defined in 29 U.S.C. § *705(20).*

**ANSWER: Defendant admits plaintiff is an individual with a disability but is without sufficient knowledge or information to deny or admit the remaining allegations.**

53.    Defendants are a "program or activity receiving Federal financial assistance . . ." as defined in 29 U.S.C. § 794(b).

**ANSWER: Defendant admits.**

54.    Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the Rehabilitation Act.

**ANSWER: Defendant denies.**

55.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was unable to enroll in the Adult Education Program at Kennedy King, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

56.    As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

**ANSWER: Defendant denies.**

57.    Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiffs federally protected rights.

**ANSWER: Defendant denies.**

## COUNT III
## DISCRIMINATION AT WILBUR WRIGHT COLLEGE
## IN VIOLATION OF THE ADA
(Against Defendants City Colleges of Chicago, Wilbur Wright College,
Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)

58.    Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

59.     Title II of the Americans With Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.' 42 U.S.0 § 12132.

**ANSWER: Defendant admits.**

60.     Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.0 § 1213 1(2).

**ANSWER: Defendant admits plaintiff is an individual with a disability but is without sufficient knowledge or information to deny or admit the remaining allegations.**

61.     Defendants are "public entities" as defined in 42 U.S.0 § 1213 1(1).

**ANSWER: Defendant admits.**

62.     Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the ADA.

**ANSWER: Defendant denies.**

63.     As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

64.     As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

**ANSWER: Defendant denies.**

65.     Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

**ANSWER: Defendant denies.**

<u>**COUNT IV**</u>
<u>**DISCRIMINATION AT WILBUR WRIGHT COLLEGE**</u>
<u>**IN VIOLATION OF THE REHABILITATION ACT**</u>

11

(Against Defendants City Colleges of Chicago, Wilbur Wright College,
Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)

66.     Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

67.     The Rehabilitation Act provides, in pertinent part, that 'no otherwise qualified individual with a disability in the United States, as defined in section *705(20)* of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794(a).

**ANSWER: Defendant denies that all pertinent parts are quoted.**

68.     Plaintiff is a 'qualified individual with a disability" as defined in 29 U.S.C. § 705(20).

**ANSWER: Defendant admits plaintiff is an individual with a disability but is without sufficient knowledge or information to deny or admit the remaining allegations.**

69.     Defendants are a 'program or activity receiving Federal financial assistance..." as defined in 29 U.S.C. § 794(b).

**ANSWER: Defendant admits.**

70.     Defendants intentionally discriminated against Plaintiff on the basis of his disability and denied him reasonable accommodation, in violation of the Rehabilitation Act.

**ANSWER: Defendant denies.**

71.     As a direct and proximate result of Defendants' unlawful discrimination. Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

72.     As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages

**ANSWER: Defendant denies.**

73.     Defendants engaged in the unlawful conduct described herein with malice or

reckless indifference to Plaintiff's federally protected rights. Case: 1:12-cv-06006 Document #: 15

**ANSWER: Defendant denies.**

## RETALIATION IN VIOLATION OF THE ADA

(Against Defendants City Colleges of Chicago, Wilbur Wright College,
Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)

74.     Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

75.     It is unlawful under the ADA to discriminate against any individual because such individual has opposed any act or practice made unlawful" by Title II of the ADA. 42 U.S.C. § 12203(a). The ADA also prohibits a covered entity from 'coerc[ing], intimidating, threaten[ing], or interfer[ing]" with a person's right to enjoy any of the rights articulated under Title II of the ADA. 42 U.S.C. § 12203(b).

**ANSWER: Defendant admits.**

76.     After Plaintiff exercised his federally protected rights by complaining about Defendants' failure to provide him approved reasonable accommodations, Defendants retaliated against him by mocking his disability and continuing to withhold such accommodations.

**ANSWER: Defendant denies.**

77.     As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

78.     As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

**ANSWER: Defendant denies.**

79.     Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

**ANSWER: Defendant denies.**

## COUNT VI
## RETALIATION IN VIOLATION OF THE REHABILITATION ACT
(Against Defendants City Colleges of Chicago, Wilbur Wright College,
Cheryl Hyman, Cynthia Armster, Bridget Clymore, and Erica Phillips only)

80.     Plaintiff realleges and incorporates by reference the allegations set forth above as if fully stated herein.

**ANSWER: Defendant incorporates its responses to those allegations.**

81.     The regulations governing the Rehabilitation Act provide, in pertinent part, that "no recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. 100.7(e).

**ANSWER: Defendant admits.**

82.     After Plaintiff exercised his federally protected rights by complaining about Defendants' failure to provide him approved reasonable accommodations. Defendants retaliated against him by mocking his disability and continuing to withhold such accommodations.

**ANSWER: Defendant denies.**

83.     As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff was withdrawn from the Adult Education Program at Wilbur Wright College, a program for which he was otherwise qualified, and was unable to obtain a GED certificate to qualify for higher-wage employment.

**ANSWER: Defendant denies.**

84.     As a result of Defendants' unlawful conduct, Plaintiff has suffered pecuniary and emotional damages.

**ANSWER: Defendant denies.**

85.     Defendants engaged in the unlawful conduct described herein with malice or reckless indifference to Plaintiffs federally protected rights.

**ANSWER: Defendant denies.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Rehabilitation Act claims that pre-date May 21, 2011 are time

barred.
2. Damages may not be awarded because Defendant demonstrated good faith efforts to identify and make a reasonable accommodation.
3. Plaintiff is not entitled to speculative relief.
4. Plaintiff is not entitled to pecuniary losses.
5. The Statutory damages cap limits plaintiff's damages.
6. Plaintiff is not entitled to punitive damages against public employer.
7. Plaintiff failed to mitigate his damages.

Respectfully submitted,

**CITY COLLEGES OF CHICAGO**

By: /s/ Valerie Harper_____

Valerie Harper (ARDC # 6225133)
Senior Staff Attorney
Counsel for City Colleges of Chicago
226 West Jackson Boulevard
Chicago, Illinois 60606
Phone: (312) 553-2537
Fax: (312) 553-2539
E-mail: vharper2@ccc.edu